loan it upon the security of a note and mortgage purporting to be executed by one Carpenter, of Cincinnati, for whom appellant claimed to be agent, which security was worthless, and known to be so by appellant when obtaining the money from appellee, whereby the money was wholly lost. The question as to the alleged fraud was peculiarly one for the consideration of the jury, and the court is of opinion that the jury were justified in finding that the charge of fraud was proven as alleged and that the verdict is supported by the evidence. Daniel H. Horne v. Sarah A. Walton, No. 126—2240, is affirmed for the same reason as the above. Opinion PER CURIAM. Judge below, KIRK HAWES. Attorney for appellant, Mr. L. H. CONDEE. Opinion filed Jan. 20, 1886.

No. 108—2222. William H. Burt v. C. J. Warrington. This was a suit growing out of certain transactions on the Board of Trade, in which appellant, plaintiff below, sues to recover damages for an alleged violation of duty on the part of the defendant in having sold, without notice to the plaintiff, certain grain purchased on the Board of Trade by the defendant as agent for the plaintiff, whereby the latter sustained a loss. There was a jury trial, resulting in a verdict for the defendant, and the plaintiff appealed to this court. It was contended on the part of the defendant, first, that the trades were rightly closed because of the failure of plaintiff to put up margins; and secondly, that even if not rightly closed, appellant's payment without objection of the balance claimed against him for margins, with knowledge of all the circumstances, was a waiver of his right of action. Between the two theories of the parties the jury adopted the defendant's, and in the conflicting state of the evidence this court can not say that their finding is not supported by the evidence. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr. FARLIN Q. BALL; for appellee, Messrs. FAY & GRIGGS. Opinion filed Jan. 27, 1886.

No. 130—2244. John M. Hopkins et al. v. Thomas Foley et al. This was a creditor's bill brought by John M. Hopkins and others, as judgment creditors of Thomas Foley, to reach certain assets in which, as it is claimed, said Foley has some equitable interests, and to subject the same to the payment of

their judgments. The case was heard on pleadings and proofs, and the bill was properly dismissed for want of equity. Opinion PER CURIAM. Judge below, GEORGE GARDNER. Attorneys, for appellant, Mr. E. S. WALKER; for appellee, Mr. P. McHUGH. Opinion filed Jan. 27, 1886. ·

No. 139—2253. Ira Brown v. Charles C. Young. This was an action to recover back money paid upon a contract for the purchase of real estate, upon the ground that appellant made false and fraudulent representations to appellee, who was the purchaser, that he owned the property and his title was straight as a string, and would furnish an abstract showing it. After appellant had received $30 of appellee, he let appellee have the abstract, which showed that appellant had no legal title to the property which he had agreed to sell. That appellant knew he had no such title, at the time of the representation, is clear beyond doubt. Upon these facts appellee was entitled to rescind the contract and recover back what he had paid. Opinion PER CURIAM. Judge below, JOHN G. ROGERS. Attorneys, for appellant, Mr. C. STUART BEATTIE; for appellee, Mr. FRED. H. ATWOOD. Opinion filed ·Feb. 17, 1886.

No. 133—2247. Edward W. Walker v. George W. Brown. The evidence was sufficient to support the finding of the court below. Opinion PER CURIAM. Judge below, KIRK HAWES. Attorneys, for appellant, Messrs. WILSON & ZOOK; for appellee, Mr. JOSEPH N. BARKER and Mr. F. C. HALE. Opinion filed Feb. 17, 1886.

No. 144—2258. The Curran Mutual Aid and Building Association v. Christopher Murphy. This was an action of assumpsit by appellee against appellant to recover by the former, as a stockholder in the appellant corporation, what had been paid in upon thirty shares of stock, upon a withdrawal from the association upon notice given in pursuance of its by-laws. The case was, upon agreement of the parties, tried by the court without a jury, resulting in a finding and judgment for plaintiff in the sum of $535.20, and defendant prosecutes this appeal. The evidence tended to prove all the necessary elements of the cause of action, and perceiving no substantial error, the judgment is affirmed. Opinion PER CURIAM. Judge below, RICHARD PRENDERGAST. Attorneys,